UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY F. FISHER,
aka BARGER,

        Plaintiff,

    v.

BARRIOS, et al.,

        Defendants.

Case No. 15-cv-00492-WHO (PR)

**ORDER DENYING MOTION TO DISQUALIFY**

Dkt. No. 34

    This federal habeas action was dismissed in March 2015 because petitioner Gary Fisher failed to comply with the Court's order to file a complete application to proceed *in forma pauperis* ("IFP"), or pay the full filing fee of $5.00. Fisher moves to disqualify the presiding judge (Docket No. 34) in this now-closed action. He alleges in conclusory fashion that I am corrupt and have made mistakes. (*Id.* at 1 and 3.)

    A party may move to disqualify, or recuse, a judge from presiding in a given case. Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Because it is not clear which provision Fisher is invoking, I will assume he brought it under both section 144 and section 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144. Similarly, § 455 requires a judge to disqualify himself "in any proceeding in which his

impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1).

A judge finding a § 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. *See id.* at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient).

The substantive test for personal bias or prejudice is identical under §§ 144 and 455. *See Sibla*, 624 F.2d at 868. Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under § 144 will raise a question concerning recusal under §§ 455(a) and (b)(1) as well. *Sibla*, 624 F.2d at 867.

Fisher's allegations do not show that a reasonable person would conclude that my impartiality might reasonably be questioned. His statements are conclusory. He provides no details (let alone evidence) regarding my alleged corruption or mistakes. Without providing specific facts to support his allegations, his motion to disqualify is insufficient as a matter of law and is therefore DENIED.

The Clerk shall terminate Docket No. 34.

**IT IS SO ORDERED.**

**Dated:** October 14, 2015

_____
WILLIAM H. ORRICK
United States District Judge